IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  90-CR-30067-WDS |
| | ) | CAUSE NO.  00-CV-471-WDS |
| WILLIAM E. HAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion for new trial based on newly discovered evidence. The defendant asserts that the several of the government's witnesses at his trial testified falsely, and that he should, therefore, be entitled to a new trial under the provisions of Fed. R. Crim. P. 33.

Under Federal Rule of Criminal Procedure 33, a district court may grant a new trial on the basis of newly discovered evidence within 3 years of the verdict or finding of guilt, that is within three years of conviction. *Mankarious v. United States*, 282 F.3d 940, 945 (7th Cir. 2002). Defendants cannot not use 28 U.S.C. § 2255 to circumvent Rule 33's time limit, *See Guinan v. United States*, 6 F.3d 468, 470 (7th Cir.1993), nor can they use Rule 33 to circumvent the collateral review rules of § 2255, *Ruth v. United States*, 266 F.3d 658, 660 (7th Cir. 2001); *see also United States v. Evans* 224 F.3d 670 (7th Cir. 2000) (holding that "any post judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255." *Id.* at 672.)

Here, defendant's motion is filed several years too late. Hawkins was found guilty on May 21, 1992 (nearly thirteen years ago) by a jury on charges that he conspired to distribute and

possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (Count 1), possession with intention to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2), engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 3), and interstate commerce in aid of racketeering in violation of 18 U.S.C. § 371 (Count 4). The defendant was sentenced to a total term of imprisonment of 420 months. Hawkins' conviction on Count 1, the conspiracy count, was overturned on appeal in an unpublished opinion, *see United States v. Hawkins*, 139 F.3d 902 (table), 1998 WL 104627 (7th Cir. 1998), and the case was remanded for re-sentencing. On remand, the Court sentenced petitioner to a prison term of 383 months. Petitioner again appealed and the sentence and conviction were affirmed in a second unpublished opinion, *See United States v. Hawkins,* 182 F.3d 923 (table), 1999 WL 402414 (7th Cir. 1999).

Pursuant to Rule 33, a motion for new trial based on newly discovered evidence may only be filed within three years of the verdict. That is not within three years of the finality of his conviction, as the defendant would contend. Clearly, this motion is nearly ten years too late, and the Court is without jurisdiction under Rule 33 to consider it.

Moreover, even if it were timely filed, the motion is based on assertions that the government committed, inter alia, violations of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), by: knowingly putting on false testimony at trial; that trial counsel did not investigate information that the government's witnesses wanted to recant their testimony; and, that the government engaged in prosecutorial misconduct by giving government witnesses undisclosed "favors." These are, by their very nature, claims that "fit the description of a § 2255 motion," *Ruth*, 266 F.3d at 660, and therefore would have to be brought

in a § 2255 action.  However, defendant has had several bites at the § 2255 apple, but has not received leave of the Court of Appeals to file a successive § 2255 petition.  Under § 2255, "a second or successive motion must be certified as provided in section 2244 by a panel of the . . . court of appeals. . . ."

Accordingly, defendant's motion for new trial pursuant to Rule 33 is **DISMISSED** for lack of jurisdiction.  The Clerk of the Court is **DIRECTED** to return the exhibits submitted by defendant in support of the motion.

**IT IS SO ORDERED.**

**DATED:   May 9, 2005.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**
