IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  90-CR-30067-WDS |
| ) | |
| WILLIAM E. HAWKINS, ) | |
| ) | |
| Defendant. ) | |

### O R D E R

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion to correct an illegal sentence pursuant to Fed. R. Crim. P. 35 (Doc. 543), to which the government has filed a response. The crux of the defendant's motion is that he believes he is entitled to a reduction of sentence on Count 2, possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), as a result of a change in the sentencing statute structure.[1]

In its response, the government indicates that defendant's sentence of 35 years on Count 2, for distributing a quantity greater than 500 grams, is within the statutory maximum of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b), and in accordance with the Supreme Court's ruling in *Gozlon-Peretz v. United States*, 498 U.S. 395 (1991).  The government asserts, therefore, that for

---

[1]The defendant was found guilty by a jury on charges that he conspired to distribute and possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (Count 1), possession with intention to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2), engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 3), and interstate commerce in aid of racketeering in violation of 18 U.S.C. § 371 (Count 4). The defendant was sentenced to a total term of imprisonment of 420 months.
  After a review of his habeas petition, *Hawkins v. United States,* 00-471-WDS, the Court re-sentenced the defendant to 383 months consisting of  a term of 383 months on Count 1 and 60 months on Count 4 to be served concurrently.  On Count 2, the Court sentenced the defendant to a term of 35 years and held that the defendant was eligible for parole under 18 U.S.C. § 4205(a) upon serving one third of said term, to run concurrently with the sentence imposed on Counts 1 and 4.   The Court further sentenced the defendant to a term of supervised release of 5 years, consisting of a term of 5 years on Count 1 and a term of 3 years on Count 4, said terms to run concurrently. *See,* Order of June 11, 2002.

offenses committed after October 27, 1986, the statutory maximum term of imprisonment for distributing more than 500 grams of cocaine is 5 to 40 years.  The date of the offense in Count 2 was March 27, 1987.

The Court **FINDS** that in accordance with the Supreme Court's holding in *Gozlon-Peretz,* the provisions of Anti-Drug Abuse Act of 1986 (ADAA), which modified the statutory maximums and minimums for drug convictions under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), became effective on the date of its enactment, October 27, 1986.  Therefore, defendant's sentence on Count 2 was properly assessed under the provisions of the 1986 ADAA amendments, and his motion to correct the sentence on Count 2 is **DENIED**.

Also before the Court is defendant's motion for leave to proceed on appeal in forma pauperis (Doc. 554).  The defendant is appealing the Court's denial of his most recent motion for new trial based on newly discovered evidence.  Upon review of the record, the Court **FINDS** that the defendant has established that he is unable to pay the costs of appeal, and his motion to proceed in forma pauperis is **GRANTED**.

**IT IS SO ORDERED.**

DATED:   August 15, 2005.

s/ WILLIAM D.  STIEHL
DISTRICT JUDGE