IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.  No. 90-30067-DRH

WILLIAM E. HAWKINS,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

The defendant has petitioned the Court for early termination of his supervised release (Docs. 638 & 641) and apparently through an addendum thereto seeks to have the Court terminate early his parole as well (Doc. 647). The government opposes the motion (Doc. 649).

The defendant's sentencing issues have a rather tortured history but the probation officer in an exhibit attached to the government's response does an excellent job of reciting that history and the Court refers the reader to that recitation (Doc. 649-1, Exhibit A).

The Court certainly has the authority and discretion to terminate a defendant's supervised release, if appropriate, pursuant to 18 U.S.C. § 3583(e)(1). However, the Court does not have the authority to terminate early his parole,

without the consideration of a habeas corpus petition. *See Kendrick v. Hamblin*, 606 Fed.Appx 835, 838 (7th Cir 2015). Therefore, that portion of his petition is denied without prejudice.

As for the analysis of his petition to terminate his supervised release, the Court notes he has served about half of his five year term, meeting the first criteria that he serve at least a year before the Court consider such a request.

Next, the enabling statute, aforementioned, requires that the Court consider the relevant factors under 18 U.S.C. 3553(a) in the course of making its determination of the appropriateness of such an early termination. Both the probation officer and the government focus on the one factor of nature and circumstances of the defendant's offense. Because they view the offense and its relevant conduct to be of such a serious nature they find themselves deprived of the ability to analyze other factors such as the defendant's danger to society or lack thereof. That conduct and the circumstances of the offense, serious in nature and some aggressive and violent without actual injury but with the threat to do harm, is certainly a consideration and part of the analysis that does not play well in the defendant's favor.

However, when considering the defendant's history and characteristics since that time a different picture emerges. It is clear to the Court that the defendant actually and truly began his rehabilitation while in prison. Much of what this judge would hope to accomplish while supervising a defendant's release was accomplished even before that release. His prison progress reports

demonstrate more than good behavior, many educational courses and regular employment in jobs usually given to more trusted inmates. In addition to that, some of the many letters in support of the defendant (an unprecedented number in this judge's experience and one of the very, very few to ever have letters sent in support of an early termination) describes endeavors to save the life of another inmate but the refusal to allow a record to be made for fear of retaliation at the hands of those who meant the inmate harm.

After his release from prison, the letters describe the extraordinary devotion to his children and grandchildren. This devotion culminated in the defendant nursing his seemingly deathly ill son back to health; only to have him fatally injured in a fall in the bathroom of his hospital room at a time when the defendant was away on an errand.

Therefore, this defendant's history and character while in prison and since being released provides this Court with a clear analysis of the factors of deterrence and protection of the public such that the Court finds those factors to be in defendant's favor. The Court determines that what administrative supervision, as his is now experiencing, would do for this defendant has already been accomplished through the defendant's own devices. Supervision cannot offer this defendant or the public anything further.

Therefore, based on this analysis, the Court grants the defendant's motion to terminate his supervised release as to Counts I and IV. As to Count II, for

which the defendant currently serves a term of parole, the Court denies that motion without prejudice for the reason stated above.

**IT IS SO ORDERED.**

*Signed: David R. Herndon*

Judge Herndon
2018.01.08
16:40:09 -06'00'

**United States District Judge**